Pg 1

In The
United States District Court
For The Northern District Of Ohio
Youngstown Division

LARRY COCHRAN,
  Plaintiff,

V.

Lt. G. Schaffer,
FCI Elkton-LOW,
Bureau Of Prisons,
United States,
  Defendants.

4:20CV00818

Civil Action No.

JUDGE LIOI
MAG. JUDGE LIMBERT

## Request For A Declaratory Judgment

### Introduction

The Plaintiff, LARRY COCHRAN, seeks a Declaratory Judgment against the above named Defendants, declaring that the Defendants have violated the Plaintiff's Constitutional and Human Rights, and have committed grievous Torts against the Plaintiff.

Request For Declaratory Judgment

The Plaintiff, LARRY COCHRAN, is currently in the SHU charged with "Attempted Escape From Prison By Submitting An Altered Federal Document, In support Of His Compassionate Release Request."

The accusers are stating that COCHRAN submitted a Warden's April 17th 2019 Approval Letter to the Court, but, the Warden's April 17th, 2019 Letter was a Denial Letter Altered to falsely be an Approval Letter.

The Plaintiff submits that the accusation is false and ridiculous, that the accusers know the accusation is false, and are thereby violating Plaintiff's rights and committing Torts against Plaintiff, by placing a Blind, Wheel Chair Bound, Physically Handicapped person who needs extensive assistance per Medical Staff in the SHU for an accusation the defendants know to be false.

The Plaintiff put in a Request For Compassionate Release on January 5th 2019, and was Immediately Approved By FCI Elkton Low's Medical Staff.

On February 11th 2019, not having received a response from the Warden and the lapse of (30) days per the First Step Act of 2018, the Plaintiff filed his Motion For Compassionate Release in his Sentencing Court. (See U.S. v COCHRAN, 2:06-cr-114, N.D. Ind., Docket Entry No. 554)

Request for Declaratory Judgment          Pg. 3

Of course, this filing should have nullified the B.O.P.'s consideration of COCHRAN'S Request with them, as it was now a Motion in the Court and the B.O.P. held no decisional authority concerning that Motion.

Many things transpired, including a Remand from the Seventh Circuit Court of Appeals (Appeal No. 19-2213), but for the sake of brevity the Plaintiff will get right to it.

On December 5th, 2019, the AUSA Gary T. Bell, in response to the Court's ORDER to determine the status of COCHRAN'S Request with the General Counsel and Director of the B.O.P., filed a document wherein he alleged that COCHRAN had Altered a Warden's April 17th, 2019 Letter from a Denial to an Approval, and thereby COCHRAN had "Attempted To Escape Federal Prison By Submitting An Altered Federal Document." (See: U.S. v COCHRAN, 2:06-cr-114, Docket Entry No. 610).

On January 15th, 2020, and February 6th, 2020, COCHRAN replied and demonstrated that no documents were Altered and no Attempt to Escape existed. (See: U.S. v COCHRAN, 2:06-cr-114, Docket Entry No. 614; and 619).

The AUSA, Gary T. Bell, apparently feeling slighted in some way, sent his

December 5th, 2019 Filed Documents to FCI Elkton-Low, COCHRAN'S Facility, in an attempt to get them to charge COCHRAN, and it seems to have worked.

The Plaintiff submits the facts that the main problems with the AUSA's, and now Lt. G. Schaffer's, accusation are; 1) The Plaintiff is Blind and could not knowingly or intentionally submit an Altered Document to the Court, as all Plaintiff's reading, writing, typing, and Legal Work and Mailings are done by an Inmate Companion; 2) The evidentiary documents submitted by the AUSA, and Lt. G. Schaffer, prove that no document (i.e., The Warden's April 17th, 2019 Approval Letter) was Altered; and 3) Even if we were to accept everything in the context of the accusation as true, it would not support an accusation of Attempted Escape, because the Warden's April 17th, 2019 Approval Letter could not, and would not, bring about the Plaintiff's Wrongful Release from Federal Prison.

1). The Plaintiff maintains, and the Medical Records confirm, that Plaintiff is Blind and all his reading, writing, Typing, Legal Work and Legal Mailings are prepared by an Inmate Companion, and that all Court filings indicate, and state, this at the bottom of the last page. (See: U.S. v COCHRAN, 2:06-cr-114, filings since COCHRAN'S stroke).

Request For Declaratory Judgment     Pg. 5

2). The AUSA, Gary T. Bell, and now Lt. G Schaffer's evidentiary documents, in support of their accusation (i.e., "Attempted Escape By Submitting Altered Federal Document) consist of a Warden's April 17th, 2019 Approval Letter (Allegedly Altered); a Warden's April 17th, 2019 Denial Letter (Allegedly The Authentic Letter); a General Counsel's Letter, and Medical Director of the B.O.P.'s Letter.

Here's the problem, according to B.O.P. Program Statement 5050.50 Compassionate Release, Section 8. Approval of Request, Paragraph (a.)(1) & (2). The only way an Inmate's Request For Compassionate Release will receive consideration by the General Counsel and Medical Director of the B.O.P., is if the Warden Approves the Request and sends it with a recommendation to the General Counsel, and the General Counsel, solicits the opinion of the B.O.P. Medical Director. So, the defendant's own evidentiary documents prove that the Warden's April 17th, 2019 Approval Letter was not "Altered." If, however, the Warden's April 17th, 2019 Denial Letter was, in fact, the "Authentic Letter" COCHRAN would have had to exhaust his Administrative Remedies prior to filing his Motion in Court (i.e., BP-10 and BP-11) per B.O.P. Program Statement 5050.50 Section 9. Denial of Request, Paragraph (a.).

3). The conduct in the defendant's accusation does not support a charge of "Attempted Escape", because the Warden's Letter is just the first step of many steps to recommend that the General Counsel and B.O.P. Medical Director recommend that the B.O.P. Director recommend that a Motion be filed for an Inmate. The Warden's Letter does not play a part in the Inmates Release from Prison. In fact, since the First Step Act of 2018 (FSA) was enacted, the Warden is just the first step in an Inmate Exhausting his Administrative Remedies, and almost all Motions granted were granted in spite of, and in the face of, a Warden's denial letter.

    The defendant's are all aware of the above information, and were aware of it prior to Lt. G. Schaffer charging COCHRAN falsely and wrongfully, placing the Blind, Physically Handicapped, Wheel-Chair Bound, COCHRAN in the SHU. The defendant(s) are subjecting COCHRAN to Cruel and Unusual Punishment; Violation Of Due Process and Equal Protection Under The Law; and Intentionally Inflicting Emotional Distress, all with no penological justification. COCHRAN requests this Honorable Court issue a Declaratory Judgment indicating that the defendants did ~~and~~ commit, and are committing, the above stated violations of Rights and grievous Torts upon LARRY COCHRAN.

LARRY COCHRAN
Prepared By An Inmate Companion Due To LARRY COCHRAN's Blindness