UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY COCHRAN, | ) | CASE NO. 4:20-cv-818 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| LT. G. SCHAFFER, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On April 16, 2020, *pro se* plaintiff Larry Cochran ("Cochran"), a federal prisoner incarcerated at FCI Elkton, filed a request for declaratory judgment against Lt. Shaffer, FCI Elkton, Bureau of Prisons, and the United States.[1] (Doc. No. 1.) Cochran alleges that he is confined in segregated housing because he attempted escape by submitting an altered federal document concerning compassionate release. (*Id.* at 2.[2]) Among other claims, Cochran contends that he was falsely accused of attempted escape, is in poor health, and his incarceration in segregated housing constitutes cruel and unusual punishment in violation of the Eighth Amendment. (*See* Doc. No. 4 at 24.) For the reasons that follow, this action is dismissed.

    A. Background

When Cochran filed this action, he filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) Magistrate Judge George Limbert found the motion to be insufficient and ordered Cochran to either pay the filing fee or complete and file the financial application attached

---

[1] The documents filed in this case were prepared by another inmate on behalf of Cochran due to Cochran's poor health and confinement in a segregated housing unit. (*See* Doc. No. 1-1.) Cochran also filed an amendment to his request for declaratory judgment. (Doc. No. 4.)

[2] Page number references are to page identification numbers generated by the Court's electronic docketing system.

thereto, including a certified prisoner account statement, along with summonses and U.S. Marshal forms for each defendant. (Doc. No. 3 ("Deficiency Order").) The deficiency order provided Cochran with 30 days to comply, and expressly warned that "[f]ailure to fully and timely comply with this Order may result in dismissal of this action without further notice for want of prosecution." (*Id*. at 15.)

On April 20, 2020, a copy of the deficiency order, summonses, and U.S. Marshal forms were mailed to Cochran at his address of record. Cochran responded to the deficiency order but did not fully comply or seek an extension of time to do so. (*See* Doc. Nos. 6, 8.) The deficiency order instructed Cochran to complete and file the entire application attached to the order, including his prisoner account statement. (Deficiency Order at 14.) The application filed by Cochran included a prisoner affidavit but did not include a prisoner account statement (*see* Doc. No. 8-3), nor did Cochran submit a summons and U.S. Marshal form for each defendant (*see* Doc. Nos. 8-4, 8-5).

### B. Law and Analysis

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.,* No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act). When a prisoner files a civil rights action, he must pay the filing fee. "'[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)).

The deficiency order required Cochran to comply with the statute's requirements in order to proceed with this action without the full prepayment of fees. *See McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) ("Submission of [a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *See In re Prison Litigation Reform Act*, 105 F.3d at 1132 (if a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

When this case was filed, Cochran did not pay the filing fee or submit the required statutory documentation to proceed *in forma pauperis*. Magistrate Judge Limbert notified Cochran of the deficiency, provided specific instructions to cure the deficiency, granted him 30 days to pay the filing fee or correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. Cochran did not fully comply with the deficiency order, including failing to submit a certified prisoner account statement. Cochran indicates that his health conditions and incarceration in segregated housing impair his ability to comply with Court rules and orders but did not seek an extension of time to accomplish full compliance. (*See* Doc. No. 7.) The latitude afforded to *pro se* litigants does not extend to compliance with readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a *pro se* plaintiff fails to comply

3

with readily comprehended court deadlines); *see also Needham v. Butler Cty. Jail*, No. 1:19-CV-294, 2019 WL 5899326, at *4 (S.D. Ohio Nov. 12, 2019) (warning plaintiff that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with court orders and rules of civil procedure), *report and recommendation adopted,* No. 1:19CV294, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019).

Accordingly, this case is dismissed without prejudice for want of prosecution for plaintiff's failure to fully comply with the deficiency order. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (dismissal of § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply).

### C. Conclusion

For all the foregoing reasons, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 18, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**